**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FLAGSTAR BANK, FSB,

    Plaintiff,

v.

                                  Case No. 13-10049
                                  Hon. Lawrence P. Zatkoff

BANKING MORTGAGE SERVICES,
B.M.S. CORP.,

    Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 12, 2014

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Defendant Banking Mortgage Services, B.M.S. Corp.'s Motion to Set Aside Default Judgment and for Leave to Respond to Complaint [dkt. 14]. Plaintiff responded to the motion. Defendant failed to file a reply. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted, without oral argument. For the following reasons, Defendant's motion is DENIED.

## II. BACKGROUND

On January 7, 2013, Plaintiff Flagstar Bank, FSB ("Plaintiff") filed a complaint against Defendant Banking Mortgage Services, B.M.S. Corp. ("Defendant"), alleging breach of contract and unjust enrichment in relation to residential mortgage loans purchased by Plaintiff and

originated by Defendant [dkt. 1].  On March 26, 2013, this Court ordered Plaintiff to show cause why its complaint should not be dismissed for failure to prosecute [dkt. 6].  On April 4, 2013, Plaintiff responded, indicating the parties had been attempting to informally resolve the matter [dkt. 8].  Plaintiff indicated these initial settlement negotiations were unsuccessful, however, and informed the Court of its intention to seek entry of default and default judgment due to Defendant's "inaction in this matter."  On April 4, 2013, Plaintiff requested a Clerk's Entry of Default be entered against Defendant [dkt. 9].  The Clerk's Entry of Default was entered the next day [dkt. 10].

On April 8, 2013, Plaintiff requested the Clerk of the Court to enter a judgment by default against Defendant [dkt. 11].   This included a request for $3,397,442.96 in damages.  On April 15, 2013, this Court entered an Order of Judgment (the "Default Judgment Order") in favor of Plaintiff for the amount of $3,397,442.96 [dkt. 12].  In the Default Judgment Order, the Court indicated Defendant was served with Plaintiff's complaint on February 6, 2013, and that proof of service to Defendant of this complaint was on file with the Court.  Further, the Court established Defendant did not take any action to defend itself within 21 days of the service of process, that Defendant was not an infant or incompetent person, and that Plaintiff had filed an Affidavit of Sum Certain with the Court, seeking judgment in the amount of $3,397,442.96.

On May 14, 2013, counsel for Defendant made its first appearance on the record.  On December 17, 2013, Defendant's Motion to Set Aside Default Judgment and for Leave to Respond to Complaint (the "Motion to Set Aside") was filed—nine months after the Default Judgment Order was entered and eight months after the appearance of Defendant's counsel— with the Court.  In the Motion to Set Aside, Defendant asks this Court to set aside the Default Judgment Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)").

Defendant asserts this is necessary because "the extraordinary circumstances of this case and the demands of justice" warrant such action. Plaintiff contends no such action is required, arguing Defendant has provided no legal justification to set aside the Court's Default Judgment Order.

### III. LEGAL STANDARD

#### A. FEDERAL RULES OF CIVIL PROCEDURE 55(c)

Fed. R. Civ. P. 55(c) ("Rule 55(c)") deals with a court's ability to set aside an entry of default or a default judgment. The rule provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." The Sixth Circuit recently specified that Rule 55(c) "permits a court to set aside a default or default judgment for good cause, versus the application of Rule 60(b), which grants relief from final judgments." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838–9 (6th Cir. 2011). In *Dassault*, the Sixth Circuit also provided that, "[u]nder either [Rule 55(c) or Rule 60(b)], our review invokes the well-established factors set forth in *United Coin Meter Co. v. Seaboard Coastline Railroad*, which assess whether[:]

1) the default was willful,
2) a set-aside would prejudice plaintiff, and
3) the alleged defense was meritorious."

(the "*United Coin* factors") *Id.* (internal citations omitted). Finally, the Sixth Circuit noted that "[a]lthough the [*United Coin* factors] are the same [under either rule], the standard for applying them to a motion to set aside a final default judgment under Rule 60(b) is more demanding than their application in the context of a motion to set aside an entry of default under Rule 55(c)." *Id.*, citing *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352 (6th Cir. 2003).

### B. FEDERAL RULES OF CIVIL PROCEDURE 60(b)

Rule 60(b) outlines the procedure for procuring relief from a final judgment. Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The Sixth Circuit has held that relief under Rule 60(b) "is circumscribed by public policy favoring finality of judgment and termination of litigation." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (internal citations omitted); *see also Dassault* 663 F.3d at 839 (6th Cir. 2011). Additionally, the party seeking such relief from a final judgment "bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc.* 538 F.3d at 454 (internal citations omitted).

### IV. ANALYSIS

#### A. STANDARD OF ANALYSIS

Defendant asserts the circumstances surrounding the instant matter require this Court to set aside the Default Judgment Order and allow Defendant to respond to Plaintiff's complaint.

Plaintiff argues there is no basis for such action, instead insisting the Default Judgment Order was properly entered by the Court.

Prior to analyzing the parties' arguments, the Court must first address the discrepancy contained in the briefs regarding which standard—Rule 55(c) or Rule 60(b)—the Court should utilize. Both parties seem confused as to which standard to apply: although labeled as a motion brought pursuant to Rule 60(b), Defendant's Motion to Set Aside applies only the *United Coin* factors without providing any analysis as to how the case at hand satisfies Rule 60(b). Likewise, Plaintiff's brief addresses the issue before the Court through the lens of Rule 60(b), but fails to apply the *United Coin* factors in the "more demanding" manner required by the Sixth Circuit. As such, neither party addresses both the *United Coin* factors and the standards contained in Rule 60(b).

The Court notes that the parties are not alone in their confusion, as the Sixth Circuit previously acknowledged the perplexities that surround these two rules. *See Dassault*, 663 F.3d at 838 ("we must . . . address an issue that appears to have created some inconsistencies within our precedents: the application of Rule 55(c), which permits a court to set aside a default or default judgment for good cause, versus the application of Rule 60(b), which grants relief from final judgments."). According to the Sixth Circuit,

> Once a defendant fails to file a responsive answer, he is in *default,* and an entry of *default* may be made by either the clerk or the judge. A *default judgment* can be entered by the clerk only if a claim is liquidated or, if a claim is unliquidated, by the judge after a hearing on damages. A *default* can be set aside under rule 55(c) for "good cause shown," but a default that has become final as a *judgment* can be set aside only under the stricter rule 60(b) standards for setting aside final, appealable orders.

*Dassault*, 663 F.3d at 839 (internal citations omitted).

After review of all of the relevant factors in this case, the Court finds that Defendant's motion is best taken as one brought pursuant to Rule 60(b). In this case, the Clerk's Entry of Default became a final, appealable judgment on April 15, 2013, when the Court entered the Default Judgment Order. Further, the Default Judgment Order contained a liquidated damages amount, and was not challenged until nine months after its entry.[1] Finally, Defendant has labeled its Motion to Set Aside as one brought "pursuant to Rule 60(b)," never referencing Rule 55(c). As such, the Court finds that the "stricter Rule 60(b) standards"—along with the "more demanding" version of the *United Coin* factors—must be applied to determine whether setting aside the Default Judgment Order is warranted.

Although both the stricter Rule 60(b) standards and the more demanding version of the *United Coin* factors must be applied, Sixth Circuit precedent indicates the two tests are often merged into one. *See Vesligaj v. Peterson*, 331 F. App'x 351 (6th Cir. 2009); *Burrell v. Henderson*, 434 F.3d 826 (6th Cir. 2006); *Manufacturers' Indus. Relations Ass'n v. E. Akron Casting Co.*, 58 F.3d 204 (6th Cir. 1995). This "merger" occurs by using the stricter Rule 60(b) standards to determine whether the first *United Coin* factor is satisfied: whether a plaintiff's default was willful. In order to satisfy the first *United Coin* factor using the stricter Rule 60(b) standards, a plaintiff must show that the challenged default was due to one of the factors contained in Rule 60(b). *See Burrell*, 434 F.3d at 832. Sixth Circuit precedent indicates that a court cannot analyze the other two *United Coin* factors—whether a set-aside would prejudice the plaintiff and whether the plaintiff presents a meritorious defense—until the plaintiff establishes the challenged default was due to one of the factors contained in Rule 60(b). *Id.* ("[Plaintiff] must therefore prove that the default was due to one or more of [the Rule 60(b)] factors before it

---

[1] Indeed, both parties indicate Plaintiff's reliance on the Order of Default Judgment went so far as Plaintiff recording and filing the default judgment in Florida, the state in which Defendant has its headquarters.

is permitted to demonstrate that it can satisfy the remaining two *United Coin Meter* factors—a meritorious defense and the lack of prejudice to the plaintiff.");[2] *see also Vesligaj*, 331 F. App'x at 354; *E. Akron Casting Co.*, 58 F.3d at 209. Finally, a plaintiff must establish that the challenged default was due to one of these Rule 60(b) factors by clear and convincing evidence. *Info-Hold, Inc.*, 538 F.3d at 454.

### B. RULE 60(b) STANDARDS

With the standard of analysis established, the Court now addresses Defendant's Motion to Set Aside. The Court must note at the outset that, although Defendant alludes to several of the Rule 60(b) standards in its Motion to Set Aside, it fails analyze whether the facts at hand actually satisfy any of those standards. Indeed, Defendant's only reference to any of the Rule 60(b) standards is to mention two of them in passing. This single sentence provides no reference as to what proofs each standard necessitates or how the case at hand contains the evidence required to set aside a default judgment pursuant to those standards. Despite Defendant's neglect to address these factors, the Court will perform the analysis Defendant failed to provide.[3]

Plaintiff's Motion to Set Aside states that Rule 60(b) allows for a default judgment to be set aside "on the basis of (3) fraud . . . misrepresentation, or misconduct by an opposing party; and (6) any other reason that justifies relief."

i. Rule 60(b)(3)

Rule 60(b)(3) provides authority for a court to set aside a final judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." For purposes of Rule 60(b)(3), "fraud" is defined as "the knowing

---

[2] Although *Burrell* dealt with a motion to set aside a default judgment brought pursuant to Rule 60(b)(1), the Sixth Circuit did not hold that this method was confined solely to motions to set aside default judgments brought pursuant to Rule 60(b)(1).

[3] The Court also notes that Plaintiff did adequately brief whether the facts of the case bore out the relief that Defendant seeks pursuant to Rule 60(b).

7

misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment." *Info-Hold, Inc.*, 538 at 456 (6th Cir. 2008). "Accordingly, to establish grounds for relief under Rule 60(b)(3), the moving party . . . must simply show that the adverse party's conduct was fraudulent under this general common law understanding." *Id.*

Applying this standard to the case at hand, the Court finds that Defendant has failed to establish by clear and convincing evidence that Plaintiff committed "fraud, misrepresentation, or misconduct by an opposing party" in seeking a default judgment from this Court. As already established, Defendant completely ignored the standards contained in Rule 60(b)(3), failing to indicate which of Plaintiff's actions were allegedly fraudulent. Instead, Defendant admits in its Motion to Set Aside that "it is true that neither an answer nor a motion to dismiss was properly filed with the Court through local counsel[.]" Defendant argues this inaction was "in part" influenced by communications with Plaintiff's counsel: Defendant claims that a motion to dismiss was sent to Plaintiff's counsel, and that this motion was not filed with this Court "in part" because Plaintiff requested that it not be filed. Additionally, Defendant asserts Plaintiff's counsel failed to advise the Court that it had received this "timely responsive motion to dismiss" from Defendant, and further failed to communicate with Defendant that the Court had issued an order to show cause and that Plaintiff responded to this order to show cause.[4]

The Court finds this characterization misleading and factually incorrect. Evidence provided by Defendant indicates Plaintiff's counsel advised Defendant not to file because:

1) the motion to dismiss Defendant sent to Plaintiff was not prepared by an attorney licensed to practice in the Eastern District of Michigan;

---

[4] Although none of Plaintiff's actions are characterized as fraudulent in Defendant's Motion to Set Aside, the Court finds these are the only actions in Defendant's Motion to Set Aside that could be construed as an attempt by Defendant to fit Plaintiff's actions within Rule 60(b)(3).

8

2) Defendant failed to seek concurrence in the motion to dismiss, as required by Local Rule 7.1; and

3) the motion to dismiss is substantively without merit.

*See* Dkt. #14, Ex. C, p. 1.  The Court thus concludes that Plaintiff's communications with Defendant did not "misrepresent" or "conceal" information; rather, Plaintiff's actions were taken simply to inform Defendant of the several ways in which it had failed to comply with the Local Rules of the Eastern District of Michigan.  The Court finds that Plaintiff's attempts to illicit compliance with the requirements of this District from Defendant do not rise to the level of "fraud, misrepresentation or misconduct" contained in Rule 60(b)(3).

Further, Defendant provides no authority that Plaintiff had any duty to disclose any of the information to which Defendant asserts it was entitled.  Defendant was served with Plaintiff's complaint and the Clerk's Entry of Default [dkt. 4, 10].  Although Defendant claims Plaintiff failed to "advise Attorney Garcia[5] that the Court had issued an order to Show Cause or that Plaintiff had responded to said Order," the Court finds Plaintiff had no duty to make such a "disclosure."  Indeed, the Court refuses to impute Defendant's failure to make an appearance on the record—or retain local counsel, as Defendant has done now—onto Plaintiff.  Defendant admits that the only counsel it retained prior to the submission of the instant motion—Attorney Garcia—was not admitted to practice law in the Eastern District of Michigan.[6]

---

[5] Defendant represents Attorney Garcia is Defendant's "Florida Counsel."

[6] Although Defendant attempts to explain away its failure to file a motion to dismiss as an "honest mistake," the Court is not convinced.  Defendant states that, while it tried to file a motion to dismiss, "the filing would not be accepted by the system."  This is presumably due to Defendant's counsel—Attorney Garcia—failing to appear on the record and not being admitted to practice law in the Eastern District of Michigan. The Court finds that Defendant counsel's failure to appear and Defendant's failure to retain counsel admitted to practice in the Eastern District of Michigan is not an "honest mistake."

As established above, Defendant failed to file a timely response to Plaintiff's complaint, failed to make an appearance in the case after being properly served, and failed to file any objection to the Clerk's Entry of Default or this Court's Order of Default Judgment prior to their entry. The Court finds completely disingenuous Defendant's attempt to argue this litany of failures was somehow due to any sort of fraud perpetrated by Plaintiff. As such, the Court finds that Defendant has not established by clear and convincing evidence that Plaintiff's actions rise to the level of conduct warranting relief pursuant to Rule 60(b)(3).

      ii.      Rule 60(b)(6)

Rule 60(b)(6) is the catch-all provision of Rule 60(b), providing that a court may relieve a party of a final judgment for "any other reason that justifies relief." As established by the Sixth Circuit, "subsection (6) of Rule 60(b) . . . applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal citations omitted). These exceptional or extraordinary circumstances must be "something more" than any situation encompassed by the first five standards in Rule 60(b). *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (internal citations omitted). The Sixth Circuit has interpreted this "something more" language as including only "unusual and extreme situations where principles of equity *mandate* relief." *Id.* (emphasis in original).

Applying this strict standard to the instant matter, the Court finds that Defendant has failed to provide any evidence that "exceptional or extraordinary circumstances" exist so as to warrant relief pursuant to Rule 60(b)(6). The Default Judgment Order was entered as a result of Defendant's failure to adhere to the basic principles of motion practice contained in the Federal Rules of Civil Procedure. Defendant provides absolutely no explanation as to why it could not

file an appearance in this matter. Similarly, Defendant's Motion to Set Aside fails to provide any reasonable justification for failing to file any responsive pleadings with this Court—indeed, any filing at all—within 12 months of Plaintiff filing its complaint. Defendant's inability to adhere to the Federal Rules of Civil Procedure are neither "exceptional" nor "extraordinary," and to allow Defendant to use Rule 60(b)(6) to alter this deliberate course of action would be a misapplication of law. *See FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F. 3d 678, 687 (6th Cir. 1999) ("Rule 60 was not intended to relieve counsel of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise."). The Court thus finds that Defendant has not established "exceptional or extraordinary circumstances" that warrant relief pursuant to Rule 60(b)(6).

- - - - -

Defendant has failed to establish that the circumstances surrounding entry of the Default Judgment Order warrant relief pursuant to any of the stricter Rule 60(b) standards. Accordingly, Defendant has failed to satisfy the stricter Rule 60(b) standards applied in cases involving a final, appealable default judgment. By failing to show that default in the instant matter was a result of one of the standards contained in Rule 60(b), the Court cannot consider and address the remaining *United Coin* factors.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Set Aside Default Judgment and for Leave to Respond to Complaint [dkt. 14] is DENIED.

IT IS SO ORDERED.

                                                        s/Lawrence P. Zatkoff
                                                        HON. LAWRENCE P. ZATKOFF
Date: June 12, 2014                 U.S. DISTRICT JUDGE